UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MALSTON PATRICK,

     Petitioner,

     v.                               CAUSE NO. 3:26cv230 DRL-SJF

BRIAN ENGLISH, PAMELA BONDI,
and KRISTI NOEM,

     Respondents.

## ORDER

Immigration detainee Malston Patrick filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is unlawfully confined in violation of the laws or Constitution of the United States. Pursuant to Section 2254 Habeas Corpus Rule 4, which the court may apply to petitions under § 2241, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

According to the petition, Mr. Patrick is a citizen of Guyana who was a lawful permanent resident of the United States. He says he has been detained in the custody of United States Immigration and Customs Enforcement (ICE) since April 2025 and has been subject to a final order of removal since September 2025. Mr. Patrick argues he should be released because (1) he was a lawful permanent resident for 14 years; (2) his detention is a hardship to his mother, who is a lawful permanent resident, and his sister, who is a United States citizen; (3) he is not a risk to the public, despite his criminal conviction, because his

conduct following his conviction shows rehabilitation; and (4) he is not receiving proper medical care in detention for his anemia and high cholesterol.

Mr. Patrick has not alleged a basis to find his detention unlawful. According to the petition, his order of removal became administratively final in September 2025, at which point his detention became governed by 8 U.S.C. § 1231(a). That statute gives the government the authority to detain a noncitizen while it effectuates a removal order. All noncitizens must be detained for a 90-day "removal period," which began for Mr. Patrick when his removal order became administratively final in September 2025. *See* 8 U.S.C. §§ 1231(a)(1), (a)(2)(A). Mr. Patrick's removal period would have ended in December 2025.

Beyond this 90-day period, certain classes of noncitizens may be detained even longer—what the statute calls inadmissible aliens (under 8 U.S.C. § 1182), those who have violated their nonimmigrant status conditions (under 8 U.S.C. § 1227(a)(1)(C)), those who have committed certain crimes, such as aggravated felonies, drug trafficking, or illegal firearm offenses (under 8 U.S.C. § 1227(a)(2)), those removable for national security or foreign relations reasons (under 8 U.S.C. § 1227(a)(4)), and those whom the Attorney General determines to be a risk to the community or unlikely to comply with the order of removal. These noncitizens "may be detained beyond the removal period" or released on conditions of supervision. 8 U.S.C. § 1231(a)(6).[1]

"The distinction between an alien who has effected an entry into the United States and one who has never entered runs throughout immigration law," and "once an alien

---

[1] For noncitizens who don't fall in these categories, if they are not removed during the 90-day removal period, they must be released, subject to conditions of supervision. 8 U.S.C. § 1231(a)(3).

enters the country, the legal circumstance changes, for the Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). To avoid a constitutional due process problem with § 1231(a)(6), and specific to a noncitizen who is present within this country and who is ordered removed, the law requires that his detention be limited to a reasonable time—namely "a period reasonably necessary to bring about that alien's removal from the United States." *Id.* at 689; *see also id.* at 682, 690-91.

Any § 1231(a)(6) detention of a present-but-ordered-removed noncitizen has this limitation, as it guards against the possibility that he might be indefinitely detained should his removal not be reasonably achievable. His indefinite detention would raise a serious constitutional problem. *Id.* at 690; *see also Clark v. Suarez Martinez*, 543 U.S. 371, 378 (2005) (same). In short, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Zadvydas*, 533 U.S. at 699.

The historic writ of habeas corpus grants a federal court the authority to review a noncitizen's detention and to decide independently whether "a set of particular circumstances amounts to detention within, or beyond, a period reasonably necessary to secure removal." *Id.*; *see also* 28 U.S.C. § 2241(c)(3). "In answering that basic question, the habeas court must ask whether detention exceeds a period reasonably necessary to secure removal" and "should measure reasonableness primarily in terms of the statute's basic purpose, namely assuring the alien's presence at the moment of removal." *Zadvydas*, 533 U.S. at 699. When removal proves reasonably foreseeable, the court can consider other factors (such as risk of crime) and often will deny habeas relief; whereas, when removal

seems attenuated or unlikely, the court will order the individual's release, albeit conditioned on appropriate terms of supervision and the noncitizen's compliance with these terms. *See id.* at 699-700. After all, the choice isn't between detention and a noncitizen "living at large," but between detention and a noncitizen's supervised release on conditions that he cannot violate. *Id.* at 696.

The law materially defers these difficult judgments to the Executive Branch for a six-month period during which detention is considered presumptively reasonable to execute a removal order. *Zadvydas,* 533 U.S. at 700-01. Even thereafter, the court listens with care when the government's "foreign policy judgments"—such as the status of repatriation negotiations—are implicated and otherwise affords "appropriate leeway when its judgments rest upon foreign policy expertise." *Id.* at 700. A noncitizen "may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* at 701. But "once [he] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the government must respond with evidence sufficient to rebut that showing." *Id.* (cleaned up); *see also Suarez Martinez*, 543 U.S. at 385-86.

Mr. Patrick filed this petition in February 2025, still within the presumptively reasonable six-month period for the execution of his removal order, though that six-month period has just recently passed. The petitioner bears the burden to show that his detention is unlawful. *See* 28 U.S.C. § 2241; *Zadvydas*, 533 U.S. at 700; *see also Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011); *Espinoza v. Sabol*, 558 F.3d 83, 89 (1st Cir. 2009). Mr. Patrick provides no basis to conclude that his detention under § 1231(a)(6) is unauthorized, and he

4

provides no reason to believe that there is no significant likelihood that his removal will be accomplished in the reasonably foreseeable future. Though the court sympathizes with the hardship that his removal will cause to him and his family, this hardship alone isn't a legal basis to order his release from detention. The law is clear that his continued detention hinges on the foreseeability of removal, and the petition is silent about the likelihood of his removal when he carries the burden.

This petition does not establish Mr. Patrick may be entitled to relief. If he remains detained significantly longer without prospect of removal, such changed circumstances may provide the basis for another habeas petition. *Zadvydas* instructs that as the period of confinement grows, what qualifies as a reasonably foreseeable future conversely must shrink. *Zadvydas*, 533 U.S. at 701. But at this point in his detention, he has not shown his detention is unlawful.

For these reasons, the court DENIES the motion for leave to proceed *in forma pauperis* [2] as moot; DENIES the petition [1]; and DIRECTS the clerk to close this case.

SO ORDERED.

April 15, 2026

*s/ Damon R. Leichty*
Judge, United States District Court